Mr. Garry Campbell Director of Human Resources City of Fort Smith 623 Garrison Avenue P.O. Box 1908 Fort Smith, AR 72902
Dear Mr. Campbell:
This is in response to your request, pursuant to A.C.A. §25-19-105(c)(3)(B) (Repl. 1996), for an opinion concerning the release of a particular document under the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. §§ 25-19-101 to -107. You state that you have made a preliminary determination that the document is exempt from disclosure pursuant to A.C.A. § 25-19-105(b)(10) and/or §25-19-105(c)(1). You also state that a final administrative decision to terminate the subject employee has been made.
It is my opinion that the document is in all likelihood subject to inspection and copying pursuant to A.C.A. § 25-19-105(c)(1). Thus, in my opinion, your decision not to release the document is likely inconsistent with the FOIA.
My review of the document indicates that it falls within the category of "employee evaluation or job performance records" under §25-19-105(c)(1). Although the FOIA does not define these terms, I have previously opined that "job performance records" include documents such as written reprimands, letters of caution, letters related to promotions and demotions, and documents upon which a recommendation for dismissal was based. See, e.g., Op. Att'y Gen. Nos. 93-105, 93-055, 92-231, 92-191, 91-324, and 91-303. The document in question was prepared by you in your capacity as Director of Human Resources. It details the performance of the subject employee with regard to specific incidents involving matters falling within his area of employment, and it sets forth the basis for his ultimate termination. As such, I believe it is properly characterized as a job performance record. See generally Op. Att'y Gen. Nos. 97-073 and 96-033.
"Job performance records," as distinguished from "personnel records" (§25-19-105(b)(10)), may only be released upon "final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure." A.C.A. § 25-19-105(c)(1). You have stated that the termination decision is final. Because the document relates the basis for the termination decision, it clearly meets that portion of the test requiring that the record "form a basis for the decision to . . . terminate the employee. . . ." Id. The remaining question, therefore, is whether there is a "compelling public interest in [its] disclosure." Id.
It has been stated in this regard that "[t]he nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest' question. . . ." J. Watkins, The ArkansasFreedom of Information Act 135 (2nd ed. 1994). Professor Watkins, a recognized commentator on the FOIA, states further that:
 [t]he public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by employees. As the Attorney General has noted, the public `has a compelling public interest in seeing that its employees not only follow the law, but also the regulations by which they are to conduct their business.' [Citing Op. Att'y Gen. 91-296.] The standard is met, for example, when an employee misappropriates public funds [citing Op. Att'y Gen. 93-055]. . . .
Id.
In this instance, the activities detailed in the memorandum violated city personnel policies aimed at conduct which could undermine the public trust and/or be illegal. Arkansas Code Annotated § 21-8-801 should be noted in this regard wherein it states that "[n]o public servant shall . . . [r]eceive a gift or compensation . . . other than income and benefits from the governmental body to which he or she is duly entitled, for the performance of the duties and responsibilities of his or her office or position[.]" A.C.A. § 21-8-801(1) (Repl. 1996). The term "public servant" includes municipal employees. See A.C.A. § 21-8-402(6), (15)(A) and (17). A violation of § 21-8-801 constitutes a Class A misdemeanor. See
A.C.A. § 21-8-403.
It thus seems clear in my opinion that the "compelling public interest" standard is met with respect to this document. Because the other two conditions under § 25-19-105(c)(1) for release of the memo have also been met, it is my opinion that the document is not exempt from disclosure, but rather is subject to inspection and copying under the FOIA.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh